IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antwine Matthews, | ) | C/A No.: 0:17-333-JFA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| | ) | |
| Cecilea Reynolds, Warden | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The *pro se* Petitioner, Antwine Matthews ("Petitioner"), is currently incarcerated in the South Carolina Department of Corrections. On February 2, 2017, Petitioner brought this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("2254 Petition"). (ECF No. 1). Petitioner is proceeding *in forma pauperis* under 28 U.S.C. § 1915.[1] (ECF No. 9).

On April 28, 2017, Warden Cecilea Reynolds ("Respondent") filed a motion for summary judgment (ECF No. 13) and a return and memorandum (ECF No. 14). By order issued on April 28, 2017, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of procedure in regards to the Motion for Summary Judgment and the possible consequences if he failed to respond adequately to the Respondent's Motion. (ECF No. 15). The Petitioner was granted an extension through June 29, 2017, to file his response. (ECF No. 19). Petitioner filed a response to Respondent's Motion for Summary Judgment on July 5, 2017. (ECF No. 23). Respondent filed a reply to Petitioner's response on July 12, 2017. (ECF No. 24).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this

---

[1] Because the Petitioner is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, this Court is charged with screening Petitioner's lawsuit to identify cognizable claims or to dismiss the Petition if, after being liberally construed, the action or appeal is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

case was referred to a Magistrate Judge for review. The Magistrate Judge assigned to this action[2] has prepared a thorough Report and Recommendation ("Report") and opines that the Respondent's Motion for Summary Judgment (ECF No. 13) should be granted. (ECF No. 26 p. 1). The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates such without a recitation and without a hearing.

The Petitioner was advised of his right to file objections to the Report, which was entered on the docket on October 16, 2017. (ECF No. 26). The Report provided that Petitioner must file objections to the Report by October 30, 2017. (ECF No. 26 p. 11). That deadline has now expired, and the Petitioner failed to file objections to the Report. In the absence of specific objections to the Magistrate Judge's Report, this Court is not required to give any explanation for adopting the Magistrate's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report and Recommendation, the Court finds the Magistrate Judge's recommendations fairly and accurately summarize the facts and apply the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 26), **GRANTS** the Respondent's motion for summary judgment (ECF No. 13), and denies Matthews' petition.

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 18, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."